IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
JAN 03 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| KYLE SANBORN,<br><br>Plaintiff,<br><br>vs.<br><br>RAEANNE ROLAND,<br><br>Defendant. | CV 18–37–H–DLC–JTJ<br><br>ORDER |

On October 29, 2018, United States Magistrate Judge John T. Johnston entered his Findings and Recommendations (Doc. 6) recommending that this matter be dismissed for failure to state a federal claim. Plaintiff Kyle Sanborn ("Sanborn") filed an objection on November 16, 2018. (Doc. 7.) Consequently, Sanborn is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds

-1-

objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Sanborn is a prisoner and raises claims under the First, Fourth, and Eighth Amendments. Sanborn's claims arise out of an incident during which he refused to comply with Defendant's direct order that Sanborn remove his jacket to be searched. Sanborn claims that he refused Defendant's order because it was below freezing and there was a high wind. Sanborn stated as much to Defendant who repeated her order again. When Sanborn continued to refuse and began to walk away from Defendant, she had him handcuffed and taken to punitive segregation, where he remained for ten days for refusing to obey a direct order. (Doc. 6 at 1–3.) Sanborn claims that Defendant retaliated against him for exercising his First Amendment right to freedom of speech. Sanborn claims that Defendant violated his Fourth Amendment right to be free from unreasonable searches and seizures and that her order that he remove his jacket in freezing temperatures violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 6–12.)

Screening Sanborn's claims pursuant to 28 U.S.C. § 1915 and § 1915A, Judge Johnston concluded, and this Court agrees, that Sanborn has failed to state federal claims and his case should be dismissed. Judge Johnston appropriately found that Sanborn had failed to raise a First Amendment retaliation claim because he failed to allege requisite conduct that "'would chill or silence a person of ordinary firmness from future First Amendment activities.'" (Doc. 6 at 8 (quoting *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)).) Sanborn does not address Judge Johnston's reasoning or conclusions on this point and, consequently, this Court reviews for clear error. Finding none, this Court agrees that Sanborn has failed to state a claim under the First Amendment.

Turning to Sanborn's Fourth Amendment claim, Judge Johnston correctly balanced "'the need for a particular search against the invasion of personal rights that search entails.'" (*Id.* at 9 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).) Judge Johnston considered "'the scope of the particular intrusion, the manner in which it [was] conducted, the justification for initiating it, and the place in which it [was] conducted.'" (*Id.* (quoting *Bell*, 441 U.S. at 559).) Because Sanborn was "merely asked to remove his coat" and there was ultimately "no actual search," Judge Johnston found that Sanborn had failed to state a Fourth Amendment violation. (*Id.* at 9–10.) Sanborn's objection fails to take issue with any part of

Judge Johnston's analysis or conclusions on this point and, again, this Court will review for clear error. The Court again finds none.

Lastly, noting that Sanborn never actually removed his coat, Judge Johnston found that his "Complaint is devoid of sufficient facts that rise to the level of an Eighth Amendment constitutional violation." (*Id.* at 12.) Sanborn objects by claiming that had he removed his coat, the temperature and wind made it "cold enough to cause frost bite [sic] and possibly lose a finger or cause more than just minor pain." (Doc. 7 at 1–2.) A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The Court finds that Sanborn's fixation on the possibility that he would get frostbite from exposure and possibly "lose a finger" is highly improbable and, therefore, objectively lacking in seriousness. Moreover, Sanborn was never actually subjected to any of the perceived potential harms he complains of so he cannot be said to have sustained an injury. Sanborn's objection on this issue is overruled.

Notwithstanding the above, the Court notes that Sanborn's objection raises new facts concerning the conditions of the punitive segregation unit that Sanborn

was confined in for ten days. (Doc. 7 at 2–3.) The Court finds that these facts may support a colorable cause of action in a properly pled complaint.

Specifically, Sanborn claims that during his ten days of punitive segregation he was "subjected to raw sewage," or that his cell was "filled with raw sewage," and that "the showers and cells also had bodily fluids that were all over the place." (*Id.* at 2–3.) Additionally, Sanborn states that he had "no protective gear to clean his cell." (*Id.* at 2.) If properly pled, these facts could support a claim under the Eighth Amendment. "The Eighth Amendment does not tolerate prison officials' deliberate indifference, in the absence of exigent circumstances, to substantial deprivations of adequate shelter, food, drinking water, and sanitation." *Johnson v. Lewis*, 217 F.3d 726, 735 (9th Cir. 2000). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995). Indeed, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement . . . if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Because Sanborn is proceeding pro se and has raised facts which might support a claim, the Court is required to allow him to amend his pleading before dismissing this action. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987) ("[P]ro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment."). Thus, the Court will allow Sanborn to file an amended pleading for review under 28 U.S.C. § 1915 and § 1915A.

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. Once Sanborn files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Sanborn fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action. Sanborn may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statement telling the Court: (1) the rights Sanborn believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed

to do; (4) how the action or inaction of that defendant is connected to the violation of his rights; (5) when the alleged actions took place; and (6) what injury Sanborn suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Sanborn must repeat this process for each prospective defendant. He must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendants each claim applies. If Sanborn fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

If Sanborn's amended complaint fails to state a claim upon which relief may be granted, the dismissal could count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 if the prisoner has:

> [O]n 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

The Court further cautions Sanborn that the Court will not entertain a rehashed pleading of the First, Fourth, and Eighth Amendment claims that have

already been determined to be fatally deficient. If Sanborn fails to timely comply with every provision of this Order, this case may be dismissed. *Ferdik*, 963 F.2d at 1260–61 (court may dismiss an action for failure to comply with any order of the court). Accordingly,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 6) are ADOPTED in that Sanborn's claims arising under the First, Fourth, and Eighth Amendments regarding the incidents on December 12, 2017, as set forth in the Complaint (Doc. 2) are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Sanborn is given leave to file an amended complaint on the form to be provided by the Clerk of Court's Office and in accordance with the above Order. If no amended complaint is filed on or before January 29, 2019, this matter will be dismissed. Should Sanborn file an amended complaint, this matter shall be referred back to Judge Johnston.

IT IS FURTHER ORDERED that the Clerk of Court shall provide Sanborn with a form for filing an amended complaint.

IT IS FURTHER ORDERED that at all times during the pendency of this action, Sanborn MUST IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a notice of change of address may

result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 3rd day of January, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court